```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                        FORT MYERS DIVISION
```

SHANE S. SIMPKINS,

                Plaintiff,

vs.                                    Case No.  2:11-cv-701-FtM-29DNF

SCOTT HALL, Captain, JEREMY HARDIN,
Officer,

                Defendants.
_____

## **OPINION AND ORDER**

### **I. Status**

This matter comes before the Court upon review of Defendants' Motion to Dismiss (Doc. #23, Motion).  Defendants move to dismiss this action based on Plaintiff's failure to exhaust his administrative remedies of the claims raised in his Amended Complaint, and for otherwise failing to state claim upon which relief can be granted.  See generally Motion.  Plaintiff filed a response in opposition to the Motion (Doc. #26, Response) with attached exhibits (Doc. #26-1).[1]  Thereafter, Defendants filed a

---

[1] In his Response, Plaintiff claims that the copy of Defendants' Motion mailed to him did not include the exhibits referenced therein. Response at 2. Defendants' Motion filed with the Court also does not attach any exhibits, although the Motion does reference Exhibits A and B.  Motion at 9.  It appears from the Motion that the proposed exhibits were supposed to be submitted as support for Defendants' argument that Plaintiff did not exhaust his administrative remedies.  See generally id.  As more fully discussed below, to the extent that the Affidavit of Defendant Hardin and Affidavit of Defendant Hall attached to Defendants' "Notice" are the intended exhibits, the Court finds the exhibits
(continued...)

Notice of Filing (Doc. #27, Notice) attaching the Affidavit of Defendant Hardin (Exh. A) and Defendant Hall (Exh. B) in support of Defendants' Motion to Dismiss.² This matter is ripe for review.

## II. Factual Allegations

Plaintiff Shane E. Simkins, who is confined as a pretrial detainee in the Lee County Jail, initiated this action by filing a

---

¹(...continued)
would be improper because they have nothing to do with whether Plaintiff exhausted his administrative remedies. Additionally, for the same reason, the Court will disregard the three affidavits submitted by Plaintiff in support of his Response (Doc. #26-1 at 9, 10, and 21).

²The Court will strike the Notice with attached Affidavits (Doc. #27) as improperly filed. When ruling on a motion to dismiss, the Court must limit its consideration to well-pleaded factual allegations, documents central to or referenced in the complaint or counterclaim, and matters judicially noticed. La Grasta v. First Union Sec., Inc., 358 F.3d 840, 845 (11th Cir. 2004). For instance, the Court may take judicial notice of pleadings and orders when the documents are matters of public record and are not subject to reasonable dispute because they are capable of accurate and ready determination by resort to sources whose accuracy could not reasonably be questioned, without converting the motion to a motion for summary judgement. Home v. Potter, 392 F. App'x 800, 802 (11th Cir. 2010); Universal Express, Inc. v. United States SEC, 177 F. App'x 52, 53 (2006). See also Day v. Taylor, 400 F.3d 1272, 1276 (11th Cir. 2005); Maxcess, Inc. v. Lucent Techs., Inc., 433 F.3d 1337, 1340 n.3 (11th Cir. 2005). Here, however, the proposed affidavits are not matters of public record and are not central to or referenced in Plaintiff's Amended Complaint. Instead, the proposed affidavits provide a factual chronology of Plaintiff's disciplinary actions while he was held in the Lee County Jail. To the extent that Defendants submit the Affidavits in reply to Plaintiff's Response to Defendants' Motion to Dismiss, the reply is improper. See Local Rule 3.01(c). Further, the Court struck Defendants' previously filed motion to dismiss because it improperly attached, *inter alia*, the same Affidavits. See October 31, 2010 Order (Doc. #22) at 3-5 (explaining what the court can properly consider in ruling on a motion to dismiss).

*pro se* Civil Rights Complaint pursuant to 42 U.S.C. § 1983 (Doc. #1, Complaint).  Plaintiff is proceeding on his Amended Complaint (Doc. #9, Amended Complaint).  Liberally construed, the Amended Complaint alleges a First Amendment access to court claim.[3]  In particular, Plaintiff alleges that due to his placement in disciplinary confinement management ("DCM") his outgoing mail was limited and rights to obtain material from the law library were restricted which resulted in "vital evidence in [his] case [to be] thrown out" and the loss of two motor vehicles.  Id. at 5-6.  As relief, Plaintiff seeks "full compensation" for his "lost property" and for the "vital evidence [which] was lost."  Id. at 7.  Plaintiff also seeks compensation "for all the unjust things that have happened to me over the 4 months spent on DCM."  Id.

---

[3] In his original Complaint, Plaintiff also alleged he was being subjected to various forms of harassment and mistreatment by Defendant Hardin because he complained about Hardin's treatment of him.  Complaint at 8-9.  In his Response, Plaintiff elaborates about Hardin's actions, i.e., daily shakedowns of his cell, pulling Plaintiff's boxers up and threatening him if Plaintiff pulled them back down, verbal threats, slamming Plaintiff's head into walls, trying to forcibly remove Plaintiff's tongue ring, repeated threats to spray Plaintiff, *inter alia*.  Response at 6-7.  The Amended Complaint does not allege a retaliation or Eighth Amendment claim.  Consequently, if Plaintiff wishes to pursue a retaliation and/or Eighth Amendment claim based upon Defendant Hardin's actions, he is required to file a new civil rights complaint because these claims were not raised in the Amended Complaint; and, thus are not properly before the Court.

### III. Applicable Law

**Standard of Review**

In deciding a Rule 12(b)(6) motion to dismiss, the Court must accept all well-pleaded factual allegations in a complaint as true and take them in the light most favorable to plaintiff. Erickson v. Pardus, 551 U.S. 89, 94 (2007); Christopher v. Harbury, 536 U.S. 403, 406 (2002); Bingham v. Thomas, 654 F.3d 1171, 1175 (11th Cir. 2011). Additionally, *pro se* pleadings are liberally construed by the Court. Alba v. Montford, 517 F. 3d 1249, 1252 (11th Cir. 2008). "To survive dismissal, the complaint's allegations must plausibly suggest that the [plaintiff] has a right to relief, raising that possibility above a speculative level; if they do not, the plaintiff's complaint should be dismissed." James River Ins. Co. v. Ground Down Eng'g, Inc., 540 F.3d 1270, 1274 (11th Cir. 2008) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555-56 (2007)). See also Edwards v. Prime, Inc., 602 F.3d 1276, 1291 (11th Cir. 2010). Thus, a complaint is subject to dismissal for failure to state a claim if the facts as plead do not state a claim for relief that is plausible on its face. Twombly, 550 U.S. at 556. A claim is plausible when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 668 (2009). In other words, the plausibility standard requires that a plaintiff allege sufficient facts "to

raise a reasonable expectation that discovery will reveal evidence" that supports the plaintiff's claim. Twombly, 550 U.S. at 556. However, although a complaint "does not need detailed factual allegations . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. at 555 (citations omitted). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft, 556 U.S. at 678. Thus, "the-defendant-unlawfully harmed me accusation" is insufficient. Id. "Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." Id. Additionally, there is no longer a heightened pleading requirement. Randall, 610 F.3d 701, 710 (11th Cir. 2010). The Court may dismiss a case when the allegations in the complaint on their face demonstrate that an affirmative defense bars recovery of the claim. Marsh, 268 F.3d at 1022; Cottone v. Jenne, 326 F.3d 1352, 1357 (11th Cir. 2003); Douglas v. Yates, 535 F.3d 1316, 1321 (11th Cir. 2008).

**Exhaustion/PLRA**

The Prison Litigation Reform Act ("PLRA"), which amended The Civil Rights of Institutionalized Persons Act, provides as follows:

> (a) Applicability of administrative remedies. No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility *until such administrative remedies as are available are exhausted*.

42 U.S.C. § 1997e(a) (emphasis added). A prisoner must exhaust all available administrative remedies before filing an action in federal court. Woodford v. Ngo, 548 U.S. 81, 88 (2006)(emphasis added); Higginbottom v. Carter, 223 F.3d 1259, 1261 (11th Cir. 2000). Admittedly, prisoners are not required to plead exhaustion, Jones v. Bock, 549 U.S. 199, 216 (2007), however, "[t]here is no question that exhaustion is mandatory under the PLRA, and that unexhausted claims cannot be brought in court." Id. at 211; see also Bingham v. Thomas, 654 F.3d 1171, 1175 (11th Cir. 2011). In order to exhaust his administrative remedies, an inmate is required to comply with "all steps that the agency holds out, and doing so properly (so that the agency addresses the issues on the merits)." Woodford, 548 U.S. at 90.

Whether an inmate has exhausted his available administrative remedies is a factual issue that is properly made by the court. Bryant v. Rich, 530 F.3d 1368, 1374 (11th Cir. 2008). Thus, "[e]ven though a failure-to-exhaust defense is non-jurisdictional, it is like a defense for lack of jurisdiction in one important sense: exhaustion of administrative remedies is a matter in abatement, and ordinarily does not deal with the merits." Id.

-6-

(footnote, internal quotations, and citations omitted). The defense of exhaustion is properly raised in a motion to dismiss as a "matter of judicial administration." Id. at 1375. Thus, the court is permitted to look beyond the pleadings to decide disputed issues of fact in connection with the exhaustion defense. Id. at 1377, n.16.

> The Eleventh Circuit has instructed that:
>
> deciding a motion to dismiss for failure to exhaust administrative remedies is a two-step process. First, the court looks to the factual allegations in the defendant's motion to dismiss and those in the plaintiff's response, and if they conflict, takes the plaintiff's version of facts as true. If, in that light, the defendant is entitled to have the complaint dismissed for failure to exhaust administrative remedies, it must be dismissed . . . . If the complaint is not subject to dismissal at the first step, where the plaintiffs allegations are assumed to be true, the court then proceeds to make specific findings in order to resolve the disputed factual issues related to exhaustion.

Turner v. Burnside, 541 F.3d 1077, 1082 (11th Cir. 2008).

Here, Defendants state only that Plaintiff "has yet to exhaust his administrative remedies, as required by the Prison Litigation Reform Act. While Plaintiff filed grievances during his incarceration, they did not refer to the conduct alleged in the Amended Complaint." Motion at 2-3. In response, Plaintiff states that inmates who are housed in disciplinary confinement management are not permitted to have any property and cannot file a written grievance. Response at 6. Instead individuals in disciplinary confinement must verbally grieve their issue to the Captain. Id.

Plaintiff states that he did verbally grieve his claims and they were verbally denied. Id.; Response, Exh. B (Doc. #21-1 at 5). Additionally, Plaintiff points out that in his initial Complaint he explained that he "tried on multiple occasions]" to submit a grievance, but was "denied ever[y]time . . . and told to hire a lawyer." Response, Exh. B (Doc. #26-1 at 2).

Notably, Defendants do not explain the administrative grievance process available at the Lee County Jail. Further, Defendants do not specifically address the grievance process available to inmates held in disciplinary confinement. Consequently, based upon the four corners of the Amended Complaint, Plaintiff's Response, and governing precedent, the Court finds that Plaintiff availed himself of the only "available" means of grieving an issue in disciplinary confinement management, i.e., verbally grieving an issue. Consequently, the Court will not dismiss this action pursuant to 42 U.S.C. § 1997e(a).

**Failure to State a Claim/Access to Court**

Prisoners have a clearly established constitutional right of access to the courts. Barbour v. Haley, 471 F.3d 1222, 1225 (11th Cir. 2006)(citing Bounds v. Smith, 430 U.S. 817, 821 (1977)). In Bounds v. Smith, the Supreme Court held that "the fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law

libraries or adequate assistance from persons trained in the law." 430 U.S. at 828. However, the doctrine of standing requires that an inmate alleging a violation of this right must allege an actual injury, Bass v. Singletary, 143 F.3d 1442, 1445 (11th Cir. 1998), by alleging that a prison official's actions impeded the inmate's pursuit of a nonfrivolous, post-conviction claim or civil rights action, such as the denial or dismissal of a direct criminal appeal, habeas petition, or civil rights case. Al-Amin v. Smith, 511 F.3d 1317, 1332-33 (11th Cir. 2008). However, "generalized allegations of systemic denial of access is insufficient to state a claim without tying the denial to an actual injury." Cline v. Tolliver, 434 F. App'x 823, 826 (11th Cir. 2011)(citations omitted). Further, the Eleventh Circuit has concluded "that a criminal defendant who seeks to proceed *pro se* has no right to access a law library to aid him in his own defense at trial where he has already been provided the option of legal counsel." Smith v. Hutchins, 426 F. App'x 785, 789 (11th Cir. 2011)(citing Edwards v. U.S., 795 F.2d 958, 961, n.1, 3 (11th Cir. 1986)(collecting cases)).

At the outset, Plaintiff does not allege an affirmative causal connection between either Defendant Hardin or Defendant Hall actions and the alleged denial of his access to legal materials. Marsh v. Butler County, Ala., 268 F.3d 1014, 1059 (11th Cir. 2001)(en banc); Swint v. City of Wadley, Ala., 51 F.3d 988 (11th

Cir. 1995); Tittle v. Jefferson County Comm'n, 10 F.3d 1535, 1541 n.1 (11th Cir. 1994). In other words, Plaintiff does not allege that he requested legal materials and either Defendant Hardin or Defendant Hall denied him the legal materials or that they directed another individual to deny him the materials. Further, the Amended Complaint does not identify a nonfrivolous qualifying case, i.e. a civil rights action, habeas action, or postconviction case. See Cranford v. Nevada Dep't of Corr., 398 F. App'x 540, 548 (11th Cir. 2010)(affirming district court *sua sponte* dismissal of plaintiff's § 1983 access to court claim for failing to identify specific nonfrivolous underlying action and how inability to access legal material impeded his ability to litigate any claims). Finally, to the extent that Plaintiff claims he was denied access to legal materials in connection with his underlying criminal case, Plaintiff, as a pretrial detainee, does not have a constitutional right to be provided access to a law library for purposes of his criminal case. Smith v. Hutchins, 426 F. App'x at 789. Consequently, the Court finds that Plaintiff's Amended Complaint fails to state a First Amendment access to court claim and must be dismissed.

ACCORDINGLY, it is hereby

**ORDERED**:

1. The **Clerk of Court** shall **strike** Defendants' Notice of Filing (Doc. #27) with attached exhibits.

-10-

2. Defendants' Motion to Dismiss (Doc. #23) is **GRANTED and the Court finds the Amended Complaint fails to state a claim upon which relief can be granted.**

3. The **Clerk** shall enter judgment dismissing Plaintiff's Amended Complaint without prejudice, terminate any pending deadlines and motions, and close this file.

4. The **Clerk** shall provide Plaintiff a blank Civil Rights Complaint Form, Affidavit of Indigence Form, and the Prisoner Consent Form for his future use if appropriate. The **Clerk** shall also provide Plaintiff with a copy of his initial Complaint (Doc. #1) and Response with all attachments (Doc. #26) for Plaintiff's use, if necessary, in preparing a new complaint.[4]

**DONE AND ORDERED** at Fort Myers, Florida, on this __21st__ day of March, 2013.

*(signature)*
JOHN E. STEELE
United States District Judge

SA: hmk
Copies: All Parties of Record

---

[4] In his Response, Plaintiff states that because he was not permitted any personal property and/or his documents were destroyed while he was in disciplinary management confinement, he did not have a copy of his initial Complaint when he prepared his Amended Complaint.